Tomás Robles, Petitioner, *v.* District Court of Guayama, Respondent.

No. 819.—Decided March 28, 1932.

*C. Domínguez Rubio* for petitioner.

Mr. Justice Wolf delivered the opinion of the Court.

This was a case wherein the Industrial Commission awarded a laborer the sum of $247.50 as the result of an accident wherein the right eye of the said laborer was struck. The defense of the employer, as we infer, was that as the laborer was already blind in his right eye, a blow on that organ did not entitle him to compensation. The theory of the Commission was that the blow caused a disfigurement which would interfere with the laborer obtaining work. On appeal, as shown by its opinion, the district court did not think the evidence justified the finding of the Industrial Commission, but affirmed the judgment on other grounds, following the case of *White Star Bus Line, Inc.* v. *District Court,* 41 P.R.R. 527, and general considerations. The court, however, found that the accident although the laborer was blind, aggravated the physical condition of the eye which resulted in its enucleation. The award of the Commission was hence affirmed.

A certiorari proceeding was instituted in this Court. We had the idea that the case was like others presented and in a *per curiam* decision denied the writ essentially on the ground that although the procedure or jurisdiction of the Commission might be subject to attack, the decision of the district court was not. The petitioner in a motion for reconsideration takes the stand that it was attacking the procedure or jurisdiction of the district court itself.

What the petitioner maintains is that when the district court found that the Industrial Commission was mistaken and that there was not such disfigurement preventing work, the said court should have sent the case back for a new finding by the Industrial Commission; that the district court had

no jurisdiction to make an independent finding. The petitioner also maintained that the action of the court deprived the Commission of its jurisdiction.

The petitioner does not convince us that the district court like ourselves may not on appeal render the decision that the lower tribunal may or should have rendered and the case of *White Star Bus Line, Inc.* v. *District Court, supra,* supports this conclusion.

We have not lost from sight the argument that the court ought not to have fixed so low an amount, but from the nature of the injury should have awarded damages within a higher range. Supposing this to be an error petitioner does not convince us that it was one of procedure or jurisdiction.

The decision of the Commission was affirmed whatever was the reasoning of the court. Hence we were not wide of the mark in holding that there was no error of procedure or jurisdiction.

The motion will be overruled.